**Andrei SIMEONOV, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1224–ag.

United States Court of Appeals, Second Circuit.

May 7, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, Kathleen Naughton, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Andrei Simeonov seeks review of a February 17, 2006 order of the BIA affirming the September 28, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying petitioner's application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"). *In re Andrei Simeonov*, No. A 70 084 388 (B.I.A. Feb. 17, 2007), *aff'g* No. A 70 084 388 (Immig. Ct. N.Y. City Sept. 28, 2004). We assume the parties' famil-

iarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). As a preliminary matter, we decline to address the denial of Simeonov's application for cancellation of removal, which he fails to challenge before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). We also find no evidence that he has exhausted his challenge to post-removal period detention, and, therefore, dismiss that claim for lack of jurisdiction to the extent that he raises it before this Court. *See Theodoropoulos v. INS,* 358 F.3d 162, 173–74 (2d Cir.2004); 8 U.S.C. §§ 241.4(i)(7), 241.13; *cf. Clark v. Martinez,* 543 U.S. 371, 379, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005).

■ With respect to petitioner's asylum claim, we find that remand would be futile even if the IJ's findings as to petitioner's nationality, or lack thereof, were insufficient. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006). Petitioner has never alleged that he will suffer persecution anywhere but Bulgaria. Therefore, the only way that petitioner could demonstrate asylum eligibility was to demonstrate that he has a well-founded fear of persecution in Bulgaria, whether that was his country of nationality or country of last habitual residence. *Cf. Wangchuck v. DHS,* 448 F.3d 524, 528–29 (2d Cir.2006).

■ We also find that the agency did not err in determining that petitioner did not have a well-founded fear of persecution in Bulgaria. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Petitioner's past persecution on account of his anti-Communist political opinion entitled him to a presumption of well-founded fear of persecution on account of this same ground alone.

*See Islami v. Gonzales,* 412 F.3d 391, 397–98 (2d Cir.2005). The agency did not err in finding that fundamentally changed conditions in Bulgaria—the end of the Bulgarian Communist regime and the rise of a parliamentary democracy—rebutted petitioner's presumption of well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1)(A)(i). In fact, background materials indicate that petitioner's former party, the Union of Democratic Forces, had gained a majority of the electoral positions in the October 2003 elections.

■ Contrary to petitioner's argument, the BIA did not apply an unduly strict legal standard in analyzing petitioner's asylum eligibility. The BIA adopted and affirmed the IJ's decision, which properly stated the burden of proof to be a well-founded fear of persecution. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). The BIA's explanation that petitioner had demonstrated "no likelihood of persecution" simply reaffirmed that he had not demonstrated any possibility, even a reasonable possibility, of future persecution. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). To the extent that Simeonov claims to have a well-founded fear of future persecution on account of his Russian ethnicity, that claim is unexhausted. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007). Although Simeonov submitted to the BIA information regarding hate crimes that his mother allegedly suffered, he never claimed before the BIA that he feared ethnic persecution or otherwise explained how this new evidence was material to his case. Accordingly, we decline to address this basis for his claim and find that the BIA did not abuse its discretion in declining to address the new evidence on appeal. *See Li Yong Cao v. United States Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005); 8 C.F.R. § 1003.2(c)(1).

Because Simeonov's withholding of removal and CAT claims were based on the same facts as his asylum claim, we find these claims were properly denied as well. We find no merit in petitioner's claim that Bulgaria could not be designated as his country of removal. *See* 8 U.S.C. § 1231(b)(2). We cannot assume, absent additional evidence, that petitioner's lack of Bulgarian citizenship indicates that he will be denied entry into Bulgaria. States with which an alien has a much lesser connection may be designated for his removal. *See id.* at § 1231(b)(2)(E). As such, Bulgaria may be designated as petitioner's country of removal under 8 U.S.C. § 1231(b)(2)(E)(vi) even in the absence of Bulgaria's advance consent to accept petitioner. *See Jama v. ICE*, 543 U.S. 335, 342, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005); 8 C.F.R. § 241.15. Finally, we note that the possibility of prolonged detention that may be caused by the government's inability to remove an alien is not a basis for challenging an order of removal.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).